The Honorable Becky Lynn State Representative Post Office Box 450 Heber Springs, Arkansas 72543
Dear Representative Lynn:
This is in response to your request for an opinion regarding enforcement of a municipal gross receipts tax imposed under the Advertising and Promotion Commission Act, A.C.A. §§ 26-75-601 to -618 (1987 and Supp. 1995) (the "AP Act"). Attached to your request was a copy of Ordinance No. 93-7 (the "Ordinance") of the City of Heber Springs creating the City of Heber Springs Advertising and Promotion Commission (the "Commission") and imposing a tax under the AP Act. Your request states that certain merchants in the city have failed to file returns or pay the tax.
I have paraphrased your questions as follows:
 1. Under the [AP Act and the Ordinance], does the Commission have the authority described in the Arkansas Tax Procedure Act, A.C.A. §§ 26-18-101 to -904 (Repl. 1992 and Supp. 1995) (the "Tax Procedure Act"), to summons records, obtain copies of sales tax reports of a merchant filed with the State of Arkansas, file tax liens with the Circuit Clerk in the County where the merchant's business is located, or assess the same penalties as set out in the Tax Procedure Act?
 2. If the enforcement provisions available under the Tax Procedure Act are not available to the Commission, what enforcement mechanisms are available?
The AP Act provides in part:
 The rules, regulations, forms of notice, assessment procedures, and the enforcement and collection of the tax under the Arkansas Gross Receipts Act of 1941, § 26-52-101 et seq., shall, so far as practicable, be applicable with respect to the enforcement and collection of the tax levied pursuant to the authority of [the AP Act]. However, the administration and enforcement, and all actions, shall be by, and in the name of, the commission through the proper commission officials or agents.
A.C.A. § 26-75-603(b) (Supp. 1995).
The Ordinance contains a substantively identical provision.
Although the answer to your first question is not altogether clear and an appellate court decision may be required to remove all doubt, it is my opinion, for the reasons set forth below, that the enforcement mechanisms of the Tax Procedure Act are available to the Commission.
As noted, the AP Act provides that enforcement and collection of the tax imposed by the Arkansas Gross Receipts Act of 1941, A.C.A. §§26-52-101 et seq. (Repl. 1992 and Supp. 1995) (the "Gross Receipts Act"), "shall, so far as practicable, be applicable with respect to the enforcement and collection of" a municipal tax imposed under the AP Act. Although the Gross Receipts Act does not itself expressly provide that the Tax Procedure Act applies to all proceedings thereunder, an examination of the Gross Receipts Act reveals two provisions that refer to the Tax Procedure Act with respect to enforcement matters. See A.C.A. § 26-52-201(d) (Supp. 1995) (subjecting taxpayers who do business without a permit to the penalties set forth in the Tax Procedure Act), and A.C.A. § 26-52-209 (Repl. 1992) (providing that all permit proceedings under the Gross Receipts Act are governed by the Tax Procedure Act). Perhaps more importantly, the Tax Procedure Act provides:
 The purpose of [the Tax Procedure Act] is to provide, as far as possible, uniform procedures and remedies with respect to all state taxes except [certain specified taxes not including the tax imposed by the Gross Receipts Act and not otherwise relevant here].
A.C.A. § 26-18-102 (Repl. 1992).
Clearly, then, the enforcement mechanisms of the Tax Procedure Act are available to the state in its enforcement of the tax imposed by the Gross Receipts Act.
In my view, the plain meaning of the words employed by the General Assembly in A.C.A. § 26-75-603(b) is that, to the extent practicable, the enforcement mechanisms available to the state in enforcing the Gross Receipts Act are also to be available to municipalities that impose taxes under the AP Act. That section does not provide that only those enforcement mechanisms that are actually a part of the Gross Receipts Act shall be available to municipalities, and I see no reason to read A.C.A. § 26-75-603(b) so restrictively. The fact that certain enforcement procedures are available to the state only by reference to the Tax Procedure Act, rather than being physically embodied in the Gross Receipts Act itself, should not, in my view, make a difference in answering the question of whether those procedures are, for purposes of A.C.A. § 26-75-603(b), available for enforcement of the tax imposed by the Gross Receipts Act. It is my opinion, therefore, that the enforcement mechanisms set forth in the Tax Procedure Act and available to the state in the enforcement of the tax imposed by the Gross Receipts Act are, to the extent practicable, available to a municipality in its enforcement of a tax imposed under the AP Act, by virtue of A.C.A. § 26-75-603(b).
This office, under a prior administration, issued Op. Att'y Gen. 89-164
in which it was concluded that A.C.A. § 26-18-507 (Repl. 1992), which provides a procedure for taxpayers to claim refunds, likely was not available to a business that had collected from its customers, and paid to a municipality, a tax imposed under the AP Act on transactions that later were held by the Supreme Court of Arkansas not to be subject to the tax. It should be noted that a refund of sales taxes collected from customers in retail transactions and remitted to the taxing authority by a merchant rarely would be available under A.C.A. § 26-18-507 even if that section is applicable to taxes imposed under the AP Act, because the statute requires that the merchant must have borne the tax himself, repaid the tax to the person from whom he collected it, or obtained the consent of the person from whom he collected it to pursue the refund. It appears that none of these conditions could generally be satisfied in the context of retail transactions. It might also be argued that A.C.A. §26-75-603(b), in referring to the "rules, regulations, forms of notice, assessment procedures, and the enforcement and collection of the tax under the [Gross Receipts Act]," does not encompass refund proceedings under the Gross Receipts Act. In view of the foregoing, I believe the conclusion reached in Op. Att'y Gen. 89-164 is consistent with the opinion stated herein.
Regardless of the general applicability of the Tax Procedure Act to the enforcement of taxes imposed under the AP Act, you may wish to consider two provisions of law that clearly apply here. First, A.C.A. §26-52-105(b) (Repl. 1992), a part of the Gross Receipts Act, authorizes the Director of the Department of Finance and Administration to promulgate rules for the enforcement of the Gross Receipts Act. Clearly, any such rules would apply, to the extent practicable, to the enforcement of a tax imposed under the AP Act, pursuant to A.C.A. § 26-75-603(b). Second, Act 1276 of 1995 amended A.C.A. § 26-18-303 (Supp. 1995) to permit municipalities to request and receive lists of vendors holding permits issued under the Gross Receipts Act. This right clearly exists by statute regardless of whether the Tax Procedure Act is generally available for the enforcement of taxes imposed under the AP Act.
In view of the opinion stated herein, an answer to your second question appears unnecessary.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh